IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN ANTONIO CRUZ,** | : | CIVIL ACTION NO. 1:21-CV-655 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **MR. W.T. AUKER,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, John Antonio Cruz, alleges that defendants violated his right to religious freedom under the First Amendment and his right to equal protection under the Fourteenth Amendment when they denied him religious meals for an eight-day period in April 2020. Cruz has moved for leave to supplement his complaint to include new claims challenging the religious meal policies employed by the Pennsylvania Department of Corrections as they pertain to Jewish inmates and seeking to require the DOC to institute a menu for Jewish religious meals authored by Cruz. Cruz has additionally filed a motion for preliminary injunction seeking to have this relief granted pending final judgment in this case. The motion to supplement and motion for preliminary injunction will be denied.

I.   **Factual Background & Procedural History**

Cruz filed his original complaint on April 9, 2021, alleging that he was denied religious meals for an eight-day period in April 2020 in violation of his First Amendment right of freedom of religion and his Fourteenth Amendment right to

equal protection. (Doc. 1). Cruz moved for leave to file an amended complaint on July 21, 2022. (Doc. 34). The court granted the motion in part and denied it in part on November 8, 2022, allowing Cruz's amended complaint to be docketed, but allowing the amended complaint to proceed solely as to Cruz's First Amendment freedom of religion claim and Fourteenth Amendment equal protection claim against defendants Auker and Marzzacco, the defendants who had been named in the original complaint. (Doc. 44). Cruz's amended complaint remains the operative pleading in the case. (See Doc. 40). Defendants answered the amended complaint on February 23, 2023. (Doc. 52).

Cruz filed the instant motions for preliminary injunction and for leave to supplement on September 14, 2023. (Docs. 93, 106).[1] Briefing on the motions is complete and they are ripe for review. (See Docs. 94-95, 107-08).

## II.    Discussion

Federal Rule of Civil Procedure 15(d) allows district courts to grant parties leave to supplement their pleadings to set out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). Decisions on whether to grant leave to supplement are left to the discretion of the court but should be liberally construed in favor of granting leave. Garrett v. Wexford Health, 938 F.3d 69, 89 (3d Cir. 2019). Courts should consider

---

[1] Because the motions were erroneously docketed as a single docket entry, the court issued an order on November 13, 2023 requiring the motion for leave to supplement to be filed as a separate docket entry with an effective date of September 14, 2023 and directing defendants to respond to both motions on or before November 27, 2023. (Doc. 105).

whether supplementation would promote a justiciable disposition of the case, whether it would cause delay or inconvenience, and whether it would cause prejudice to the parties. Nottingham v. Peoria, 709 F. Supp. 542, 544 (M.D. Pa. 1988). Leave to supplement should generally be granted except in instances of "undue delay, bad faith, or futility." Kump v. State Farm Fire & Cas. Co., 18 F. Supp. 3d 604, 607 (M.D. Pa. 2014).

Courts may deny leave to supplement when the proposed supplemental claims are unrelated to the original complaint. See Nottingham, 709 F. Supp. at 544 ("[A] court may deny leave to file a supplemental pleading where that pleading relates only indirectly, if at all, to the original complaint and the alleged cause of action arose out of an entirely unrelated set of facts and related to a defendant not implicated in the original complaint."); accord Cook v. Condo, No. 1:21-CV-361, 2021 WL 5579706, at *5 (M.D. Pa. Nov. 30, 2021).

Cruz's currently operative complaint seeks damages and declaratory relief based on the purported denial of religious meals during an eight-day period in April 2020. (See Doc. 40). His proposed supplemental claims seek injunctive relief requiring the DOC to provide appropriate religious meals for Jewish inmates observing Passover and other religious ceremonies. (See Doc. 106 at 2). The proposed supplemental complaint alleges that the DOC implemented a menu for Passover and other Jewish ceremonies in 2023 that did not comply with the dietary requirements mandated for a Kosher diet. (Id.) Cruz asserts that the supplemental claims are related to the claim raised in his amended complaint because they are "grounded in the Plaintiff's constitutional right to the freedom to exercise his

sincerely held religious beliefs concerning Passover and the Feast of Unleavened Bread, and also days commo[n] and days set apart for ceremonial and ritual observations." (Id. at 1).

We will deny the motion for leave to supplement because the facts asserted in the proposed supplemental complaint relate "only indirectly" to the facts asserted in the currently operative amended complaint. See Nottingham, 709 F. Supp. at 544. The claims in both complaints assert violation of the same constitutional right—plaintiff's First Amendment right to freedom of religion—but the facts underlying the claims are not related in any manner. Cruz's currently operative complaint asserts violations of his right to freedom of religion based on a discrete incident in which Cruz was purportedly denied religious meals for eight days in 2020, while the proposed supplemental complaint seeks an injunction invalidating the religious meals policy implemented by the DOC with respect to all prisons in the DOC system three years later.

Additionally, because the proposed supplemental claims are based on facts that are unrelated to the currently operative complaint, the parties would likely need to reopen discovery and go through months of discovery to develop the factual record for the new claims. Allowing discovery to be reopened at this stage of litigation—approximately three years after the case was filed and approximately two months after discovery closed—would cause significant delay and prejudice to defendants, which additionally militates in favor of denying leave to supplement. See, e.g., Kump, 18 F. Supp. 3d at 607; Nottingham, 709 F. Supp. at 544. Hence, we will deny the motion for leave to supplement.

We will likewise deny Cruz's motion for preliminary injunction because the requested preliminary injunction relates only to the claims raised in the proposed supplemental complaint. (<u>See</u> Doc. 93 at 1 (seeking to enjoin defendants "from effectuating any policy barring access to foods required for specific ceremonial and ritual rites of the religion of the Hebrew people, the religion of the Plaintiff" and to "effectuate the menu set forth herein until such time as the Court enters a final judgment on the claims and pleadings of the parties to this litigation").) Because we are not allowing the supplemental claims to proceed there is no basis to grant this preliminary injunction.

### III.   <u>Conclusion</u>

We will deny Cruz's motion for leave to supplement and motion for preliminary injunction. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    March 1, 2024