IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN ANTONIO CRUZ, | : | Civil No. 1:21-CV-00655 |
| Plaintiff, | : | |
| v. | : | |
| W.T. AUKER and L. MARZZACCO, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# **MEMORANDUM**

This is a prisoner civil rights case arising from the alleged denial of religious meals during Passover in 2020. The case is scheduled for a bench trial on March 16, 2026. Both Plaintiff and Defendants have filed motions in limine. For the reasons that follow, both motions will be denied without prejudice.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff John Antonio Cruz ("Cruz"), who has been incarcerated at Benner Township State Correctional Institution ("SCI-Benner") at all relevant times, filed his complaint on March 13, 2021, and the court received and docketed it on April 9, 2021. (Doc. 1).[1] The case was initially assigned to United States District Judge Christopher C. Conner.

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

1

On November 8, 2022, the court granted Cruz's motion for leave to amend except to the extent that it sought to add a claim for violation of the Eighth Amendment and to add claims against Robert Marsh and deemed plaintiff's amended complaint (Doc. 40) the operative complaint in the case. (Doc. 44). The case accordingly proceeded as to: (1) a First Amendment freedom of religion claim; (2) a First Amendment retaliation claim; and (3) a Fourteenth Amendment equal protection claim. (*See* Doc. 40). Defendants answered the amended complaint on February 23, 2023. (Doc. 52).

Defendants moved for summary judgment on May 31, 2023. (Doc. 82). The court subsequently granted Cruz's motion to compel discovery, reopened discovery, and denied Defendants' motion for summary judgment without prejudice to file a renewed motion for summary judgment after the close of discovery. (Doc. 104). On March 1, 2024, the court denied Cruz's motion to supplement his complaint to include a claim for permanent injunctive relief requiring the Pennsylvania Department of Corrections to provide appropriate religious meals for Jewish inmates observing Passover and other religious ceremonies in the future. (Doc. 115). The court found that this proposed supplemental claim related "only indirectly" to the claims at issue in the case and that allowing the claim to proceed would likely require months of additional

discovery. (*Id.* at 4). Defendants filed a renewed motion for summary judgment on March 29, 2024. (Doc. 120).

Judge Conner granted Defendants' motion for summary judgment in part and denied it in part on July 30, 2024, allowing the case to proceed as to Cruz's free exercise and equal protection claims against Defendants Auker and Marzzacco. (Docs. 129-30). Judge Conner referred the case to mediation, which proved unsuccessful in resolving the case. (Docs. 132, 134). The case was then reassigned to the undersigned on October 28, 2024, in advance of Judge Conner's retirement from the court in January 2025.

The case was initially scheduled for a bench trial on July 14, 2025, but the court issued an order on June 23, 2025, continuing the trial date due to the court's obligation to conduct a criminal jury trial. (Doc. 156). The case is currently scheduled for a bench trial on March 16, 2026.[2] (Doc. 162).

Plaintiff filed his motion in limine on May 12, 2025. (Doc. 149). Plaintiff seeks to exclude from trial a list of inmates who were meant to receive religious meals during Passover in 2020. (*Id.*) Defendants filed their motion in limine on June 2, 2025. (Doc. 153). Defendants seek to exclude from trial evidence that

---

[2] An evidentiary hearing on the issue of administrative exhaustion was previously scheduled, but counsel for defendants verbally waived the affirmative defense of failure to exhaust administrative remedies during a scheduling conference on July 2, 2025. (Doc. 161).

Plaintiff was given half-portioned meals in the days immediately preceding Passover in 2020.  (*Id.*)  Briefing on both motions in limine has concluded, and they are ripe for review.  (*See* Docs. 151, 154, 155, 157, 158).

## **STANDARD OF REVIEW**

Prior to trial, courts may rule on motions in limine involving the admissibility of evidence.  Such motions "narrow the evidentiary issues for trial and . . . eliminate unnecessary trial interruptions."  *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990).

Generally, relevant evidence is admissible at trial.  Fed. R. Evid. 402.  Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  The court, however, may preclude relevant evidence from trial where its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  "The Federal Rules of Evidence embody a strong and undeniable preference for admitting any evidence having some potential for assisting the trier of fact."  *Holbrook v. Lykes Bros. Steamship Co., Inc.*, 80 F.3d 777, 780 (3d Cir. 1996) (cleaned up).

Further, the Third Circuit has cautioned that "pretrial Rule 403 exclusions should rarely be granted . . . Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." *In re Paoli R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990); *see also Spain v. Gallegos*, 26 F.3d 439, 453 (3d Cir. 1994) (noting that the Third Circuit takes a "cautious approach to Rule 403 exclusions at the pretrial stage . . ."). Moreover, the Third Circuit has characterized Rule 403 as a "trial-oriented rule" such that "[p]recipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are . . . unfair and improper." *Paoli*, 916 F.2d at 859.

## DISCUSSION

Cruz's motion in limine seeks to exclude from evidence at trial a list of inmates who were to receive religious meals during Passover in 2020 that does not include his name, which will purportedly be used by Defendants in their attempt to show that the failure to give Cruz religious meals was an inadvertent mistake. (Doc. 151, p. 1.) Plaintiff argues that the list should be excluded because Defendants cannot prove that it is an authentic document created at the relevant time rather than something created on a later date in response to this suit. (*Id.* at 1–2.) Defendants argue the document can be authenticated because Defendant Auker will testify at trial that he authored the list based on information submitted to him

5

by the prison's chaplain on April 2, 2020, and that he personally circulated the list on April 7, 2020. (Doc. 155, pp. 1–2.)[3]

Defendants' motion in limine seeks to exclude from trial evidence that Cruz was given half-portioned meals from April 1, 2020, to April 7, 2020. (Doc. 154). Defendants argue that this evidence should be excluded as irrelevant because it was the basis of Cruz's retaliation claim, but the retaliation claim has been dismissed. (*Id.* at 3). Cruz argues that the evidence is relevant despite the retaliation claim being dismissed because his complaints about the half-portioned meals contributed to the defendants' motive to violate his First and Fourteenth Amendment rights by denying him religious meals. (Doc. 157).

The court will defer ruling on both motions until trial. The court simply cannot determine whether admission of the evidence is proper until one of the parties has attempted to introduce the evidence and the court can address any questions of foundation, authenticity, relevance, and potential prejudice on a developed trial record. *See Paoli*, 916 F.2d at 859 ("[P]retrial Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable

---

[3] Defendants also liberally construe Plaintiff's motion as arguing that the document is inadmissible hearsay. Plaintiff has not developed this argument in this motion, but he may assert a hearsay objection at trial.

evidence." (internal emphasis omitted)).  Both parties have advanced plausible arguments regarding the authenticity of the evidence Defendants seek to admit and the relevance of the evidence Plaintiff seeks to admit, and the court does not find the current record sufficient to decide these issues.

## CONCLUSION

For the foregoing reasons, the parties' motions in limine will be denied without prejudice to either party's right to seek to exclude evidence at trial.  An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: November 24, 2025